Spaulding v. Allen.

---

## ATTORNEY AND CLIENT—TRUSTS—CONTRACTS.

[Cuyahoga Circuit Court, December 22, 1899.]

Caldwell, Marvin and Hale, JJ.

### Z. S. SPAULDING ET AL. V. S. H. ALLEN ET AL.

1. ATTORNEY FOR TRUSTEE CANNOT WAIVE RIGHTS OF ESTATE.
   Attorney of a trustee, by virtue of his employment to prosecute a certain action, cannot waive the rights of the trust estate; except in the manner of conducting the litigation, he has no authority to prejudice the rights of the trustee or the cestin que trust.
2. ACCEPTING PROCEEDS OF HIS ACTION NOT A WAIVER.
   Accepting the proceeds of a sale of mortgaged property does not amount to a ratification of an ultra vires contract made by such attorney.
3. NOTES—ENDORSEMENT IN BLANK.
   The legal import of an endorsement in blank, unrestricted and unambiguous, cannot be varied by parol evidence.

ERROR to the Court of Common Pleas of Cuyahoga county.

HALE, J.

A demurrer to the fourth defense was properly sustained.

First—The indorsement in blank being unrestricted and unambiguous, its legal import could not be varied by parol evidence.

Second—The dismissal of the former action as to Armstrong was without prejudice and no bar to this action or to the cause of action sought to be enforced in this action.

Third—The attorney of the defendant in error had no authority by virtue of his employment as an attorney to prosecute the former action, to make a settlement having the legal effect here claimed. An attorney of a trustee can not contract to waive the rights of an estate which his clients only hold as trustee. Except in the management of that particular action, the mode and manner of conducting that litigation, the attorney had no authority or power to prejudice the substantial rights of the state, of the trustees or of the cestui que trust.

Fourth—There was no ratification of the alleged contract of the attorney. No such result follows from the receipt of the proceeds of the sale of the mortgaged property in the foreclosure action. Defendant in error was entitled to receive that money, and also to his remedy against the indorsers, and this latter right was not affected by the receipt of the money in the foreclosure action.

The application of these principles to the case settles every claim of error made by plaintiff.

We find no error upon the record, and the judgment of the court of common pleas is affirmed.

Burke & Ingersolls, for plaintiff in error.

Burton & Dake, for defendant in error.